UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CONSOLIDATED RAIL
CORPORATION,

     Plaintiff,                              Case No. 15-12828
                                               Honorable Victoria A. Roberts

v.

WEST JEFFERSON RAILROAD
COMPANY,

     Defendant.
_____/

### ORDER: (1) MODIFYING IN PART AND ADOPTING IN PART REPORT AND RECOMMENDATION [Doc. 71]; and (2) REGARDING THE PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT [Docs. 27, 31]

On August 9, 2017, Magistrate Judge Anthony P. Patti issued a Report and Recommendation ("R&R") [Doc. 71], recommending that the parties' cross motions for summary judgment [Docs. 27, 31] each be GRANTED IN PART and DENIED IN PART. Specifically, Magistrate Judge Patti recommended that: (1) Plaintiff's motion be granted to the extent that it is entitled to pursue its hostile use theory as part of its quiet title claim, and denied in all other respects; and (2) Defendant's motion be granted as to Plaintiff's "intended but imperfectly created easement argument," and denied in all other respects.

Both parties filed objections to the R&R.

Under Federal Rule of Civil Procedure 72(b)(3), a district judge is required to determine *de novo* any part of a magistrate judge's report and recommendation that has been properly objected to. *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C). This *de novo* review requires the Court to re-examine all relevant evidence previously reviewed by the

magistrate judge to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. *Cole v. Comm'r of Soc. Sec.*, 105 F. Supp. 3d 738, 741 (E.D. Mich. 2015); 28 U.S.C. § 636(b)(1). If necessary, the Court may "receive further evidence." Fed. R. Civ. P. 72(b)(3).

After a *de novo* review of the record and careful consideration of the parties' arguments and the governing law, the Court finds that additional evidence is necessary to determine the issues presented. This case is on track for a bench trial. Because of this, the Court finds that it will promote judicial efficiency and the interests of justice to proceed to trial and consider the further evidence at that juncture, rather than as part of the summary judgment briefing.

Accordingly, except where explicitly stated otherwise below, the Court **MODIFIES** Magistrate Judge Patti's R&R [Doc. 71] and **DENIES WITHOUT PREJUDICE** and/or **RESERVES RULING** on the parties' motions for summary judgment [Docs. 27, 31].

Regarding Plaintiff's hostile use theory under its claim for quiet title, the Court agrees with the R&R; the Court **ADOPTS** the R&R's finding that Plaintiff may proceed with its hostile use theory argument to show a prescriptive easement. Moreover, even if Defendant is correct that the complaint should have alleged specific facts related to the hostile use theory, the Court would permit Plaintiff to amend the complaint under Fed. R. Civ. P. 15(b)(1) to allege the requisite facts; the parties conducted discovery related to hostile use, such that Defendant would not be prejudiced. On this matter only, Plaintiff's motion for summary judgment is **GRANTED**.

Second, the Court agrees with Magistrate Judge Patti's finding that an entity owning railroad tracks is a "Railroad" under Mich. Comp. Laws § 462.109(1). The Court

**ADOPTS** the R&R's statutory interpretation of Railroad.  Notwithstanding this finding, the Court agrees with Plaintiff that the R&R did not address its argument that Defendant is a sham corporation and is not a legitimate railroad, even if the R&R interpretation of "Railroad" is correct.  Plaintiff may make this argument during trial.

In light of the evidence that its stock valuation fails to comply with M.C.L. § 462.201(1) and the evidence showing that its company is a shell corporation with no business plan and no intent to operate or maintain a railroad – among other things – Defendant should be prepared to demonstrate at trial why it is entitled to protection against condemnation under M.C.L. § 462.241.

Finally, contrary to the R&R's finding, the Court finds that Defendant is not entitled to summary judgment on Plaintiff's "intended but imperfectly created easement" theory/argument.  Plaintiff may introduce evidence and attempt to prove this at trial.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 28, 2017